# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation,<br><br>     Plaintiff<br><br>  v.<br><br>APPLE INC., et al.,<br><br>     Defendants. | Civil Action No. 15-cv-00799<br><br>Judge Joan H. Lefkow<br><br>Date: June 24, 2015<br>Time: 10:00am<br>Courtroom: 2201 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...............................................................................................................1

II.  LEGAL STANDARDS .......................................................................................................3

III. ARGUMENT ......................................................................................................................6

    A.   Rosetta's Direct Infringement Claim Should Be Dismissed........................................6

    B.   Alternatively, This Court Should Order Rosetta to File a New Amended Complaint With a More Definite Statement of Its Claims. ......................................10

IV. CONCLUSION..................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Addiction and Detoxification Inst., LLC v. Aharonov*,
    No. 14-cv-10026, 2015 WL 631959 (E.D. Mich. Feb. 13, 2015)..............................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................2, 3, 4, 5

*Bell Atlantic. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................2, 3, 4, 5

*Bender v. LG Elecs. U.S.A., Inc.*,
    No. 09-2114, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010).................................6

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)...........................................................................................4, 5

*Bissessur v. Indiana Univ. Bd. of Trs.*,
    581 F.3d 599 (7th Cir. 2010) ..................................................................................................3

*Brooks v. Ross*,
    578 F.3d 574 (7th Cir. 2009) ..................................................................................................3

*Brown v. JP Morgan Chase Bank*,
    334 Fed. App'x 758 (7th Cir. 2009) .......................................................................................3

*Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*,
    No. 14-cv-01503, 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014) ...........................................4

*Edge Capture LLC v. Barclays Bank PLC*,
    No. 09-cv-1521, slip op. (N.D. Ill. Oct. 20, 2009)................................................................10

*Filipek v. Krass*,
    576 F. Supp. 2d 918 (N.D. Ill. 2008) ......................................................................................5

*Gharb v. Mitsubishi Elec. Automation, Inc.*,
    No. 10 C 07204, 2012 WL 1986435 (N.D. Ill. June 4, 2012) ........................................4, 7, 8

*Gradient Enters., Inc. v. Skype Techs. S.A.*,
    848 F. Supp. 2d 404 (W.D.N.Y. 2012) ...................................................................................4

*Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.*,
    No. 11-cv-262, 2011 WL 6002967 (E.D. Wis. Nov. 30, 2011)..............................................4

*Ingeniador, LLC v. Interwoven*,
    874 F. Supp. 2d 56 (D.P.R. 2012)..........................................................................................4

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013).........................................................................................5, 6

*Macronix Int'l Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797 (E.D. Va. 2014) .................................................................................4, 5, 8

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)............................................................................................3

*Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*,
    No. 12-4249, 2012 WL 5966593 (N.D. Ill. Nov. 28, 2012) ................................................4

*Network Congestion Solutions, LLC v. AT&T Inc.*,
    No. 14-894-SLR, slip op. (D. Del. June 4, 2015) .............................................................10

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 14-cv-1017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) .........................................9

*Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*,
    No. 11-cv-7701, 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012) .........................................4, 5

*Regeneron Pharm., Inc. v. Merus B.V.*,
    No. 14-cv-1650, 2014 WL 2795461 (E.D.N.Y. June 19, 2014).........................................4

*Rodgers v. Lincoln Towing Serv., Inc.*,
    771 F.2d 194 (7th Cir. 1985) ................................................................................................7

*Rovi Corp. v. Hulu, LLC*,
    No. 11-cv-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) .................................................4

*In re Smartphone Geolocation Data Application*,
    977 F. Supp. 2d 129 (E.D.N.Y. 2013) .................................................................................8

*Swanson v. Citibank, N.A.*,
    614 F.3d 400 (7th Cir. 2010) ............................................................................................3, 6

*Taurus IP, LLC v. Ford Motor Co.*,
    539 F. Supp. 2d 1122 (W.D. Wis. 2008) .............................................................................8

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
    No. 10-cv-715, 2011 WL 1706136 (N.D. Ill. May 5, 2011)................................................6

*Wolf Run Hollow, LLC v. State Farm Bank, F.S.B.*,
    No. 12-cv-9449, 2013 WL 6182941 (N.D. Ill. Nov. 26, 2013) ........................................4, 7

*Ziemba v. Incipio Techs., Inc.*,
    No. 13-cv-5590, 2014 WL 4637006 (D.N.J. Sept. 16, 2014) ................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................................ 2, 5, 10

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 3, 4, 10

Fed. R. Civ. P. 12(e) ........................................................................................................................ 10

Fed. R. Civ. P. Form 18 ..................................................................................................................... 5

Fed. R. Evid. 408 ............................................................................................................................... 7

**I.      INTRODUCTION**

Defendants Apple, LG, Motorola Mobility, and Samsung (collectively, "Defendants")[1] move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims of direct patent infringement asserted against them by Plaintiff Rosetta-Wireless Corp. ("Rosetta"), or in the alternative, for a more definite statement concerning Rosetta's allegations.[2]

On May 21, 2015, Defendants notified Rosetta that the direct and indirect infringement claims in its Complaint were deficient, and offered Rosetta an opportunity to amend its Complaint to provide further factual allegations. In response, on June 1, 2015, Rosetta filed an Amended Complaint (Dkt. No. 82) that did not include the indirect infringement claim. Rosetta's direct infringement allegations included in the Amended Complaint, however, are identical to those included in its original Complaint (Dkt. No. 1). Defendants subsequently informed Rosetta that its direct infringement allegations remained deficient and offered to meet and confer to discuss the issue. Rosetta declined to meet and confer and has refused to further amend. As explained below, Rosetta's Amended Complaint fails to provide Defendants with fair notice of the claims against them and to state facts sufficient to show a plausible claim for relief and, accordingly, should be dismissed.

---

[1]     Rosetta's original complaint (Dkt. No. 1) named as Defendants the following entities: Apple Inc. (referred to herein as "Apple"); Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are collectively referred to herein as "Samsung"); Motorola, Inc. and Motorola Mobility LLC (Motorola Mobility is referred to herein as "Motorola"); LG Electronics Co. and LG Electronics USA Inc. (referred to herein as "LG"); and High Tech Computer Corp. a/k/a HTC Corp. and HTC America Inc. (referred to herein as "HTC"). Rosetta later voluntarily dismissed Motorola, Inc. and Samsung Telecommunications America, LLC from this action (*see* Dkt. Nos. 9, 37), and these entities were not named in Rosetta's Amended Complaint. It should additionally be noted that several of the aforementioned defendants were misnamed. For example, LG Electronics Co. should be LG Electronics, Inc.

[2]     Defendants HTC Corp. and HTC America, Inc. join this motion to dismiss pursuant to Rule 12(b)(6) through a separate, concurrently filed motion.

1

Rosetta's Amended Complaint alleges that Defendants "have infringed directly and continue to infringe directly" U.S. Patent No. 7,149,511 (the "'511 patent") via "acts [that] include, but are not limited to, the manufacture, use, sale, or offer for sale within the United States or the importation into the United States of products that embody the patented invention, including the products listed for each Defendant in the attached Exhibit B." (Dkt. No. 82 ¶ 15.) Approximately 300 products are listed in Exhibit B. As detailed below, this single conclusory paragraph in Rosetta's Amended Complaint falls far short of the pleading standard set forth in Federal Rule of Civil Procedure 8 as construed by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544 (2007).[3]

To state a claim for patent infringement, Rosetta must provide Defendants with fair notice of the claims against them, and state facts that show a *plausible*—not speculative—claim for relief. Rosetta's complaint fails to meet this standard.

Rosetta's Amended Complaint fails to state a claim for direct infringement because it does not sufficiently notify Defendants as to what functionality in the accused products is accused of infringement. The approximately 300 products listed in Exhibit B are all smartphones or tablets, and each has hundreds of different features and a myriad of different functionalities. As explained in more detail below in Section III.A, Rosetta's Amended Complaint never alleges *what about these smartphones* purportedly infringes one or more of the claims of the '511 patent. The '511 patent contains 80 claims covering multiple different devices (including a wireless intelligent personal network server ("WIPS"), a wireless telephone, and/or a display device), and the wide variety of claim elements, combined with Rosetta's failure to

---

[3] Defendants have also filed a motion to sever based on Rosetta's failure to comply with the joinder requirements of 35 U.S.C. § 299 and Fed. R. Civ. P. 20.

2

identify asserted claims, prohibits Defendants from using the language of the claims to discern what functionalities are accused.  *See, e.g.*, '511 patent claims 23, 35.

Because Rosetta's Amended Complaint fails to state a claim for direct patent infringement, Defendants respectfully request dismissal of Rosetta's Amended Complaint.

## II.   LEGAL STANDARDS

In order for a claim for patent infringement to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pled "enough facts to state a claim to relief that is plausible on its face," so that the right to relief rises "above the speculative level." *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570). The complaint must provide facts sufficient "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602 (quoting *Iqbal,* 556 U.S. at  678).

Compliance with the pleading requirements is a purely procedural question, and when deciding a motion to dismiss in a patent case, district courts apply the law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  The Seventh Circuit has interpreted *Iqbal* and *Twombly* to mean that to survive a motion to dismiss, a plaintiff's complaint must, through factual allegations, provide the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  In evaluating complaints, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see also Brown v. JP Morgan Chase Bank*, 334 Fed. App'x 758, 759 (7th Cir. 2009) ("'Naked assertions devoid of further factual enhancement will not do.") (citation and internal quotation marks omitted).  The Seventh Circuit has also explained that the "plausibility" requirement of *Twombly* applies "across the board" to all types of cases.  *Brooks*, 578 F.3d at 581.

Subsequent to and consistent with the Supreme Court's *Iqbal* and *Twombly* decisions, many district courts have evaluated claims for patent infringement by applying the standards set forth in *Iqbal* and *Twombly*.[4] Judges in the Northern District of Illinois have also applied *Iqbal* and *Twombly* to measure the sufficiency of patent infringement claims and, in doing so, have dismissed complaints that—like Rosetta's—provide insufficient factual detail to permit a reasonable inference of infringement. *E.g.*, *Wolf Run Hollow, LLC v. State Farm Bank, F.S.B.*, No. 12-cv-9449, 2013 WL 6182941, at *2 (N.D. Ill. Nov. 26, 2013) (granting Rule 12(b)(6) motion to dismiss claim of direct infringement because given the "anemic foundation of factual allegations within, the Complaint does not permit a reasonable inference of infringement"); *Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435, at *7-8 (N.D. Ill. June 4, 2012) (granting Rule 12(b)(6) motion on basis that the patent-in-suit claimed security systems comprised of, *inter alia*, programmable logic controller components ("PLCs") and the accused products were PLCs not security systems); *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12-4249, 2012 WL 5966593, at *2-4 (N.D. Ill. Nov. 28, 2012) (dismissing claims of inducement and contributory infringement as insufficiently pled); *Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*, No. 11-cv-7701, 2012 WL 3757489, at *4 (N.D. Ill. Aug. 28, 2012) (dismissing claims of indirect infringement as insufficiently pled).

---

[4] *See, e.g.*, *Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*, No. 14-cv-01503, 2014 WL 7178210, at *2-3 (E.D. Cal. Dec. 16, 2014); *Ziemba v. Incipio Techs., Inc.*, No. 13-cv-5590, 2014 WL 4637006, at *2-3 (D.N.J. Sept. 16, 2014); *Regeneron Pharm., Inc. v. Merus B.V.*, No. 14-cv-1650, 2014 WL 2795461, at *2 (E.D.N.Y. June 19, 2014) ("The principles set forth in *Twombly* apply to the evaluation of pleadings in patent infringement cases in this Circuit."); *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014); *Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 66-67 (D.P.R. 2012) ("This court finds the rules established by *Twombly* and *Iqbal* clearly require more than a notice pleading for direct infringement patent claims, particularly due to the assurance included in *Iqbal* that the *Twombly* rule applies to all civil cases"); *Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407-08 (W.D.N.Y. 2012); *Rovi Corp. v. Hulu, LLC*, No. 11-cv-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012); *Ill. Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.*, No. 11-cv-262, 2011 WL 6002967, at *2-3 (E.D. Wis. Nov. 30, 2011)

It should be noted that in a 2012 case, *In re Bill of Lading*, the Federal Circuit held that compliance with Form 18 of the Appendix to the Federal Rules of Civil Procedure is sufficient to state a claim for direct infringement. 681 F.3d 1323 (Fed. Cir. 2012). Form 18, which was enacted in 1938, requires (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.[5] *Id.* at 1334; *see also* Fed. R. Civ. P. Form 18 (using "electric motors" as the device). But *Bill of Lading* is not binding on this Court, as compliance with the pleading requirements is a matter of regional circuit law—and the Seventh Circuit has *never* held that patent infringement complaints are exempt from the generally-applicable rules of *Iqbal* and *Twombly*. *See generally Macronix*, 4 F. Supp. 3d at 803 ("It is not logical to exempt [patent cases] from the reach of *Twombly* and *Iqbal*"); *Filipek v. Krass*, 576 F. Supp. 2d 918, 922 (N.D. Ill. 2008) (noting that under *Twombly*, more detailed pleading may be required "in cases involving complex litigation, such as antitrust and patent cases"). And the Federal Circuit itself has held subsequent to *Bill of Lading* that "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

---

[5] Rosetta's Amended Complaint does not even satisfy each of the elements of Form 18, because Rosetta fails to allege, under element (4), that Rosetta gave the Defendants any notice of infringement. *See Radiation Stabilization*, 2012 WL 3757489, at *2 (granting a motion to dismiss in part because it was unclear from the complaint whether the plaintiff provided defendant with any notice of infringement); Minute Entry at 2-3, *ArrivalStar, S.A. v. Channel Logistics, LLC*, No. 13-cv-01391 (N.D. Ill. June 25, 2013), ECF No. 32 (granting motion to dismiss based in part on Plaintiff's omission from the complaint of a statement that it gave Defendant notice of infringement); *see also Addiction and Detoxification Inst., LLC v. Aharonov*, No. 14-cv-10026, 2015 WL 631959, at *2 (E.D. Mich. Feb. 13, 2015) (dismissing direct infringement claims where Plaintiff's "complaint fails to claim that it gave Defendants notice of the alleged infringement before filing suit.").

### III. ARGUMENT

Rosetta's Amended Complaint should be dismissed because its direct infringement claim set forth therein is deficient under the standard set forth in Fed. R. Civ. P. 8, as construed by the Supreme Court.

#### A. Rosetta's Direct Infringement Claim Should Be Dismissed

The Seventh Circuit has held that in a complaint, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together" and "[a] more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 404, 405. Based on this standard, Courts in this district have dismissed claims of direct infringement. *See, e.g.*, *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-cv-715, 2011 WL 1706136, at *3 (N.D. Ill. May 5, 2011) (dismissing claim of direct infringement that failed to give defendant "fair notice" of the infringement claim); *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-2114, 2010 U.S. Dist. LEXIS 33075, at *11-12 (N.D. Cal. Mar. 11, 2010) (finding "without identifying specific products or product parts, [the plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim"). As the Federal Circuit has explained, to provide fair notice in patent cases, "[t]he adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *K-Tech*, 714 F.3d at 1286 (emphasis added).

Here—where Defendants' technologically-complex smartphones and tablets are at issue—Rosetta's conclusory, unspecific direct infringement allegations fail to provide Defendants with *any* notice of what activity is being accused of infringement. The entirety of

Rosetta's direct infringement allegations are contained in Paragraph 15 and Exhibit B. In Paragraph 15, Rosetta asserts that Defendants infringe the '511 patent through

> *the manufacture, use, sale, or offer for sale within the United States, or the importation into the United States of products that embody the patented invention, including the products listed for each Defendant in the attached Exhibit B.*

(Dkt. No. 82 ¶ 15.) Exhibit B lists nearly 300 models of multifunction smartphones, broken down by Defendant. (Dkt No. 82, Ex. B.) Rosetta alleges no additional facts supporting its direct infringement claims.

These bare and conclusory allegations fail to provide Defendants with fair notice of the claims against which they must defend. The '511 patent includes *80 claims*, many of which are system claims requiring the presence of multiple devices, including a wireless intelligent personal network server ("WIPS"), a wireless telephone, and/or a display device. *See, e.g.*, '511 patent claims 23, 35. Thus, it is unclear whether Rosetta is alleging that the accused smartphones are equivalent to WIPS, display devices, or entire "wireless data communication systems" under the claims of the '511 patent—and notably, while some of the 80 claims of the '511 patent cover a wireless telephone as part of a larger system, *none* of the claims is directed to only a wireless telephone. As a result, Defendants are left to guess at what functionalities are actually accused of infringement.[6]

Claims of direct infringement have been dismissed in cases with analogous facts. In *Wolf Run Hollow*, 2013 WL 6182941, at *2, this Court found that Plaintiff's complaint amounted to

---

[6] Rosetta has provided Defendants with exemplary infringement claim charts under Federal Rule of Evidence 408. However, Rosetta's provision of this claim chart is of no moment to the question before the Court, which is whether Rosetta's Amended Complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure. *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 198 (7th Cir. 1985) (factual allegations outside of the complaint are irrelevant to an analysis of a motion to dismiss). Moreover, Defendants are reluctant to rely on Rosetta's out-of-court, non-binding assertions in preparing a responsive pleading, as doing so would put them in an untenable situation. Defendants would be bound by their responsive pleading, but Plaintiff would not be bound by its claim chart.

(1) a claim of patent ownership; (2) an allegation that Defendants are manufacturing and selling smartphones; and (3) the assertion of the legal conclusion that infringement must have occurred in some unspecified manner. The Court granted a motion to dismiss on grounds that "the mere act of operating a web portal does not permit a 'reasonable inference' of infringement of Plaintiff's specific patent." *Id.* Similarly, in *Gharb*, this Court concluded that where the patent-in-suit claimed security systems comprised of, *inter alia*, programmable logic controller components ("PLCs") and the accused products were PLCs not security systems, it was unclear how the accused products were being accused of infringing the patent-in-suit and thus the complaint failed to meet the pleading requirements. 2012 WL 1986435, at *3-4.

Rosetta's pleading deficiencies adversely impact the Defendants' ability to evaluate and defend the case and prepare an answer to the Amended Complaint. Rosetta's failure to specify what features or functionalities of Defendants' products are accused of infringement, and what these features or functionalities purportedly "map to" within the claims of the '511 patent (generally), places an undue burden on Defendants, who, in order to provide a complete response to the Amended Complaint, must sift through the multitude of different claim requirements which might arguably apply to some of the many listed products. *See Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008); *see also Macronix*, 4 F. Supp. 3d at 804 (dismissing complaint with leave to amend and ordering plaintiff to identify asserted claims). Responding to Rosetta's Amended Complaint, given its lack of factual detail, would be especially onerous given the myriad functionalities included in modern smartphones. *See In re Smartphone Geolocation Data Application*, 977 F. Supp. 2d 129, 137 (E.D.N.Y. 2013) ("Contemporary smartphones . . . are equipped with a panoply of technologies, allowing users not only the ability to make and receive audio calls, but also access to the Internet, text messages,

8

video calls, email and thousands of software applications. Many of these features are akin to those formerly associated with a personal computer."). Additionally, the deficiencies of Rosetta's Amended Complaint have made it difficult for Defendants to conduct early prior art analyses.

A recent case from the Middle District of Florida, in which the court granted a motion to dismiss direct infringement claims on facts nearly identical to this case, is instructive. In *Orlando Commc'ns LLC v. LG Elecs.*, *Inc.*, No. 14-cv-1017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015), Plaintiff accused several Defendants (including some of the same Defendants in this case) of directly infringing the patent-in-suit through the making, using, and selling of various models of cellular handsets (i.e., smartphones). Plaintiff further alleged that Defendants' accused smartphones infringe because they "are programmed, when enabled and ready to transmit data, to automatically perform each step" of the asserted claims of the patent-in-suit. *Id.* at *5. The court dismissed the direct infringement claims for failure to sufficiently put Defendants on notice of the allegedly-infringing services, systems, and products, because they did not plead adequate facts in light of the complexity of the asserted patent and the accused products. *Id.* at *6-7 (citing *K-Tech*, 714 F.3d at 1286). Notably, the "very meagre allegations" pled by Plaintiff in *Orlando Commc'ns* included substantially more facts than Rosetta's Amended Complaint, which merely asserts tautologically that Defendants "directly infringe."

Here, as in *Orlando Commc'ns*, Rosetta has broadly alleged that a multitude of technologically-complex smartphone products infringe based on unspecified functionality. This is insufficient under the Federal Rules, and does not provide Defendants with fair notice. For all of the foregoing reasons, Rosetta's claim of direct infringement should be dismissed under Fed. R. Civ. P. 12(b)(6).

### B. Alternatively, This Court Should Order Rosetta to File a New Amended Complaint With a More Definite Statement of Its Claims.

In the alternative, Defendants respectfully request that, should the Court decide that dismissal is not warranted, the Court order Rosetta to provide a more definite statement of its infringement claims pursuant to Fed. R. Civ. P. 12(e). As explained above, Rosetta's factual allegations concerning Defendants' infringement are so vague and ambiguous that Defendants cannot reasonably prepare an answer and comply with local patent rules. Because Rosetta's description of Defendants' alleged infringing activities lacks specificity, a more definite statement is warranted. *Edge Capture LLC v. Barclays Bank PLC*, No. 09-cv-1521, slip op. at 1 (N.D. Ill. Oct. 20, 2009) (denying motion to dismiss but *sua sponte* ordering plaintiff to file a more definite statement); *see also Network Congestion Solutions, LLC v. AT&T Inc.*, No. 14-894-SLR, slip op. at 5-6 (D. Del. June 4, 2015) (denying motion to dismiss without prejudice to renew if plaintiff failed to amend to provide enough information to satisfy Rule 8).

### IV. CONCLUSION

For the reasons herein, Defendants respectfully request that Rosetta's Amended Complaint be dismissed or, in the alternative, that Rosetta be ordered to provide a more definite statement under Fed. R. Civ. P. 12(e).

Dated:  June 18, 2015	Respectfully submitted,

/s/ Anish R. Desai_____
Stacie R. Hartman (SBN 6237265)
A. Taylor Corbitt (SBN 6299553)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60611
(312) 258-5607
(312) 258-5600 FAX
shartman@schiffhardin.com
tcorbitt@schiffhardin.com

Brian E. Ferguson (*pro hac vice*)
Anish R. Desai (*pro hac vice*)
David M. DesRosier (*pro hac vice*)
Megan H. Wantland (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005
(202) 682-7000
(202) 857-0940 FAX
brian.ferguson@weil.com
anish.desai@weil.com

*Counsel for Defendant Apple Inc.*


/s/ Steven Pepe_____
Marc A. Cavan (SBN 6255725)
**Ropes & Gray LLP**
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 845-1200
marc.cavan@ropesgray.com

James R. Batchelder (*pro hac vice*)
**Ropes & Gray LLP**
1900 University Avenue
6th Floor
East Palo Alto, CA 94303
(650) 617-4000

11

james.batchelder@ropesgray.com

Steven Pepe (*pro hac vice*)
Alexander E. Middleton (*pro hac vice*)
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
steven.pepe@ropesgray.com
alexander.middleton@ropesgray.com

Matthew J. Rizzolo (*pro hac vice*)
**Ropes & Gray LLP**
700 12th Street, NW
One Metro Center
Washington, DC 20005
(202) 508-4600
matthew.rizzolo@ropesgray.com

*Counsel for Defendant Motorola Mobility LLC*


*/s/ Jenny Colgate*_____ _____
Steven Lieberman
Jenny Colgate
Brian A. Tollefson
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, NW
Washington, District of Columbia 20005
+1 (202) 783-6040
slieberman@rfem.com
jcolgate@rfem.com
btollefson@rfem.com

James R. Figliulo
Lisa Michelle Mazzone
Thomas Daniel Warman
Figliulo & Silverman
10 South LaSalle Street
Suite 3600
Chicago, IL 60603
(312) 251-4600
jfigliulo@fslegal.com
lmazzone@fslegal.com
twarman@fslegal.com

*Counsel for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*


*/s/ Gene W. Lee*_____
Richard T. McCaulley (SBN 6225506)
Eric Wei-inn Chang (SBN 6317702)
**Ropes & Gray LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 845-1200
richard.mccaulley@ropesgray.com
eric.chang@ropesgray.com

Gene W. Lee (*pro hac vice*)
Julian Moore (*pro hac vice*)
Seung woo Hur (*pro hac vice*)
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
gene.lee@ropesgray.com
julian.moore@ropesgray.com
ben.hur@ropesgray.com

*Counsel for Defendants Samsung Electronics Co. Ltd., a Foreign Corporation, and Samsung Electronics America, Inc.*