UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation,<br><br>Plaintiff<br><br>v.<br><br>APPLE INC., a California Corporation, SAMSUNG ELECTRONICS CO. LTD., a Foreign Corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, MOTOROLA MOBILITY LLC, a Delaware Corporation, LG ELECTRONICS CO., a Foreign Corporation, LG ELECTRONICS USA INC., a Delaware Corporation, HIGH TECH COMPUTER CORP., a/k/a HTC CORP., a Foreign Corporation, and HTC AMERICA INC., a Washington Corporation,<br><br>Defendants. | Civil Action No. 15-cv-00799<br><br>Judge Joan H. Lefkow<br><br>Date: June 24, 2015<br>Time: 10:00am<br>Courtroom: 2201 |

**DEFENDANTS' MEMORADNUM OF LAW IN SUPPORT OF THEIR
MOTION TO TEMPORARILY SUSPEND THE PATENT LOCAL RULE DEADLINES
PENDING RESOLUTION OF THE RULE 12(b)(6) MOTION TO DISMISS**

Defendants Apple, HTC, LG, Motorola, and Samsung (collectively, "Defendants")[1] hereby submit their memorandum of law in support of their Motion to Temporarily Suspend the Patent Local Rule Deadlines Pending Resolution of the Rule 12(b)(6) Motion to Dismiss. For the reasons set forth below, there is good cause to grant the requested relief. *See* Fed. R. Civ. P. 1; LPR 1.1.

## I. BACKGROUND

On January 27, 2015, Rosetta-Wireless Corp. ("Rosetta") filed a Complaint accusing Defendants of infringing U.S. Patent No. 7,149,511 ("the '511 patent") "directly and indirectly" via "acts [that] include, but are not limited to, the manufacture, use, sale, or offer for sale within the United States, or the importation into the United States of products that embody the patented invention, including the products listed for each Defendant in the attached Exhibit B." (Dkt. No. 1 at ¶ 18.) Approximately 300 smartphones and tablets sold by five Defendants are listed in Exhibit B. (*Id.* at Exhibit B.) Each of these accused products contains many hundreds of features and functionalities, but Rosetta's Complaint did not identify which of these features or functionalities are accused of infringement. (See *id.* at ¶ 18 and Exhibit B.)

Because this single conclusory paragraph in Rosetta's Complaint—the only allegation in the entire Complaint purporting to describe the alleged infringement—failed under Fed. R. Civ. P. 8(a) to sufficiently notify Defendants of the claims being asserted against them, Defendants individually reached out to counsel for Rosetta for more detail. (*See* Declaration of Jenny Colgate ("Colgate Decl.") at ¶¶ 2, 4.) In response, Rosetta provided Defendants with exemplary

---

[1] Rosetta's Amended Complaint names as Defendants the following entities: Apple Inc. (referred to herein as "Apple"); Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (referred to herein as "Samsung"); Motorola Mobility LLC (referred to herein as "Motorola"); LG Electronics Co. and LG Electronics USA Inc. (referred to herein as "LG"); and High Tech Computer Corp. a/k/a HTC Corp. and HTC America Inc. (referred to herein as "HTC"). Rosetta had originally named but later voluntarily dismissed Motorola, Inc. and Samsung Telecommunications America, LLC from this action. (*See* Dkt. Nos. 9, 37.) It should additionally be noted that several of the aforementioned defendants were misnamed. For example, LG Electronics Co. should be LG Electronics, Inc.

infringement claim charts under Federal Rule of Evidence 408 for purposes of possible settlement. (*Id.* at ¶¶ 3-4.) Rule 408, however, prohibits the use of the information for purposes of proving the validity or amount of a disputed claim; therefore, Defendants could not use such information to define the scope of Plaintiff's infringement claims. Furthermore, requiring Defendants to rely on these settlement-related claim charts to prepare responsive pleadings would put Defendants in an untenable situation of being bound by their responsive pleading while Rosetta was not bound by its Rule 408 claim charts.

In view of these issues, Defendants collectively contacted Rosetta on May 21, 2015, notifying Rosetta of the deficiencies in its Complaint. (*Id.* at ¶ 5 and Exhibit 1.) Rosetta responded on May 26, 2015, disagreeing with Defendants' position that Rosetta's claims of direct infringement were not properly pled, but agreeing to drop its claims of indirect infringement. (*Id.* at ¶ 6 and Exhibit 2.) On June 1, 2015, Rosetta did just that, filing an Amended Complaint that dropped the indirect infringement allegations. (Dkt. No. 82.) However, the Amended Complaint, like its now-discarded predecessor, again recites only the barest of allegations with respect to the direct infringement claim. These allegations, in their entirety, accuse Defendants of having

> "infringed directly and continu[ing] to infringe directly" the '511 patent via acts that "include, but are not limited to, the manufacture, use, sale, or offer for sale within the United States, or the importation into the United States of products that embody the patented invention, including the products listed for each Defendant in the attached Exhibit B." (*Id.* at ¶ 15.)

The same Exhibit B, listing approximately 300 smartphones and tablets sold by Defendants, is attached to Rosetta's Amended Complaint. (*Id.* at Exhibit B.)

On June 9, 2015, Defendants responded to Rosetta, maintaining Defendants' position that Rosetta should file an Amended Complaint setting forth with more specificity the

2

functionality(ies) accused of infringing the asserted patent. (Colgate Decl. at ¶ 8 and Exhibit 3.) Defendants also alerted Rosetta that, without this additional information, Defendants would have to produce technical documents pursuant to the Local Patent Rule disclosure obligations in the absence of a complaint that identifies the features or functionalities that are relevant to Rosetta's infringement claims. Thus, Defendants offered to meet and confer with Plaintiff on June 10. (*Id.*) Rosetta responded on June 10, 2015, maintaining its position that it has properly pled its direct infringement claims and failing to address Defendants' offer to meet and confer. (*Id.* at ¶ 9 and Exhibit 4.) Consequently, on June 15, 2015, Defendants acknowledged the impasse that the parties had reached and asserted that they would be filing their motions on June 18, 2015. (*Id.* at ¶ 10 and Exhibit 5.) Defendants are filing their Rule 12(b)(6) Motion to Dismiss, or In the Alternative, For a More Definite Statement concurrently with this motion.

## II.     ARGUMENT

This Court should temporarily stay or suspend the Local Patent Rule deadlines in this case because Rosetta's Amended Complaint does not identify *what features or functionalities of the accused smartphones and tablets* are accused of infringement. Further, it is not apparent from the patent-in-suit alone what features or functionalities of the accused smartphones and tablets are accused of infringement, as there are 80 possible claims covering multiple different devices (including a wireless intelligent personal network server ("WIPs") ('511 patent, independent claims 1 and 58), a wireless telephone (independent claim 23), and/or a display device (independent claims 35 and 73)). The patent-in-suit has a large number of claims, and the claims have substantial breadth. Each of the accused products contains hundreds of features and functionalities.[2] In the face of these issues, Defendants' production of technical documents

---

[2] For example, the devices can be used to (1) send and receive text messages; (2) send and receive email; (3) send and receive audio or video files; (4) play audio or video files; (5) stream audio or video files to another device;

pursuant to Local Patent Rule 2.1 would occur based on Rosetta's general and vague pleading and without information about what features and functionalities are relevant to infringement.

This Court has the authority to stay proceedings or suspend deadlines. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether or not to issue a stay, courts typically consider the following factors:

(i) whether a stay will reduce the burden of litigation on the parties and the court;

(ii) whether a stay will simplify the issues in question and streamline the case; and

(iii) whether a stay will unduly prejudice or tactically disadvantage the non-moving party.

*Id*. A stay is appropriate so long as there is not a fair possibility that the stay would damage someone else. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Landis*, 299 U.S. at 255).

Here, a brief stay is appropriate. The Local Patent Rules of this Court place heavy, immediate and fast-paced disclosure obligations on parties in patent cases. *See, e.g.*, LPR 2.1 (requiring, *inter alia*, parties opposing claims of patent infringement to produce within 14 days of filing an answer or other response (1) documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement; and (2) a copy of each item of prior art of which the party is aware that allegedly anticipates each asserted patent and its related claims or renders them obvious or, if a copy is unavailable, a description sufficient to identify the prior art and its relevant details).

---

(6) share files using, e.g., (a) WiFi, (b) Bluetooth, (c) Near Field Communications, or (d) a wired connection; (7) share the device's screen with another device; (8) become a mobile hotspot; (9) place phone calls; (10) operate with third party peripherals (such as, for instance, a credit card reader); (11) send signals to (and control via those signals) another device; (12) compose and edit text files; (13) store and access files on removable storage media; (14) communicate over various wired or wireless interfaces; and, generally, (15) perform any functions that a general purpose computer with networking capabilities may perform.

These same rules, however, allow this Court to modify the obligations and deadlines of the Local Patent Rules based on the circumstances of a particular case. LPR 1.1; *see also* Fed. R. Civ. P. 1.

Temporarily suspending the Local Patent Rule deadlines while the Court considers the issues presented in Defendants' motion to dismiss would conserve the parties' resources without causing any material delays or prejudice to Rosetta. Judges in this District have stayed discovery deadlines pending the resolution of dispositive motions in other cases, especially where the stay is requested early in the case and the case is one in which discovery is burdensome and costly. *See generally*, *e.g.*, *Visual Interactive Phone Concepts, Inc. v. U.S. Cellular Corp.*, No. 11-cv-5289, Dkt. Nos. 77 and 79 (N.D. Ill. Aug. 3, 2011) (granting motion to temporarily suspend the local patent rule deadlines pending resolution of motion for summary judgment); *Coss v. Playtex Prods., LLC*, No. 8-cv-50222, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009) (granting in part motion to stay discovery pending resolution of motion to dismiss for failure to state a claim and explaining that "[e]xpensive and burdensome discovery will not be compelled by the court prior to the district court ruling on the motion to dismiss . . . [b]ut, in the interest of moving the case forward, some limited discovery may be appropriate."). For the reasons set forth in Defendants' Rule 12(b)(6) Motion to Dismiss and herein, the circumstances of this case justify this Court modifying/temporarily suspending the deadlines of the Local Patent Rules until this Court has had an opportunity to rule on Defendants' Motion to Dismiss and, if this Court grants Rosetta a third bite at the apple, until Rosetta files a new pleading that satisfies the standard set forth in Fed. R. Civ. P. 8(a).

First, a brief stay would reduce the burden of litigation on the parties and the Court. Rosetta's Amended Complaint fails to put Defendants on notice regarding the claims asserted against them. While the Amended Complaint identifies a list of accused products, that list

consists of approximately 300 smartphones and tablets, each having hundreds of different features and a myriad of different functionalities. Because Rosetta did not specify any accused functionalities or any asserted claims (from which Defendants may have been able to use the language of the claims to discern what functionalities are accused), it is unclear to Defendants *what about the accused smartphones and tablets* purportedly infringes one or more of the claims of the patent-in-suit. This uncertainty is particularly acute because there are 80 claims of the patent-in-suit, and the claims cover multiple different devices (including, *inter alia*, a wireless intelligent personal network server ("WIPS") and a display device). For example, it is unclear whether Rosetta is alleging that the accused devices are equivalent to WIPS, display devices, or entire "wireless data communication systems" under the claims of the patent-in-suit.

LPR 2.1(b)(1) requires Defendants to produce technical documentation relating to accused functionality identified "with specificity" in a complaint. However, without an identification of the accused features and functionalities in the complaint, Defendants would have to undertake this technical document production based on Rosetta's general and vague pleading and without information about what features and functionalities are relevant to infringement. The lack of detail in Rosetta's Amended Complaint similarly affects Defendants' ability to identify relevant prior art pursuant to their disclosure obligations under LPR 2.1(b)(2). A brief stay of the Local Patent Rule deadlines, until this Court has had an opportunity to rule on Defendants' Motion to Dismiss (and, if granted, until Rosetta files a new pleading that satisfies the standard set forth in Fed. R. Civ. P. 8(a)), would result in more focused disclosures. Both the parties and the Court would benefit from more focused litigation.

Second, suspending the patent local rule deadlines while this Court considers Defendants' pending motion to dismiss would simplify the issues in question because it will directly affect

the content and scope of the disclosures due under the Local Patent Rules. *See generally*, *e.g.*, *DSM Desotech, Inc. v. 3D Sys. Corp. et al.*, No. 08-cv-1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.) (finding that the principles underlying *Twombly* (*i.e.*, discovery would be burdensome and expensive) counsel in favor of granting defendants' motion to stay discovery); *Coss*, 2009 WL 1455358, at *2-3 ("If the complex case is one susceptible to the burdensome and costly discovery contemplated by *Bell Atlantic* and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed.") (citing *DSM Desotech*); *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 11-cv-249, 2011 WL 4345432, at *3 (N.D. Ill. Sept. 15, 2011) (finding that "granting the motion to stay is appropriate because of both the nature of the case as well as the arguments in Granite's Motion to Dismiss" especially given that the case was an antitrust case which invoked the concerns from *Twombly* about burdensome and expensive discovery and the claims were such that multiple potential theories were at issue).

  Third, suspending the Local Patent Rule deadlines would not unduly prejudice or tactically disadvantage Rosetta. To the extent a brief stay might delay resolution of the litigation at all—which it will not, since any delay would be modest in length and will help focus discovery in the interim—Rosetta could be adequately compensated by monetary damages (if it eventually prevails on the merits). *See*, *e.g.*, *SP Techs., LLC v. HTC Corp.*, No. 08-cv-3760, 2009 U.S. Dist. LEXIS 38076, at *9 (N.D. Ill. May 6, 2009) (finding non-competitor plaintiff would not be prejudiced by stay because it could recover monetary damages to compensate for its losses at the end of trial). Further, Defendants dispute that a delay would prejudice Rosetta at all because Rosetta is not a competitor with the Defendants. (*See also* Dkt. No. 82 ¶ 17 ("Rosetta has never sold a product in the United States") and "Prayer for Relief" (no request for a

preliminary injunction).)  Finally, any delay is a product of Rosetta's own refusal to provide sufficient information about Rosetta's infringement claims in either its original Complaint or its Amended Complaint.

For the reasons herein, Defendants respectfully request that this Court temporarily suspend the patent local rule deadlines.

Dated: June 18, 2015   Respectfully submitted,

/s/ James R. Figliulo_____
Steven Lieberman
Jenny Colgate
Brian A. Tollefson
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, NW
Washington, District of Columbia 20005
+1 (202) 783-6040
slieberman@rfem.com
jcolgate@rfem.com
btollefson@rfem.com

James R. Figliulo
Thomas Daniel Warman
Lisa Michelle Mazzone
Figliulo & Silverman
10 South LaSalle Street
Suite 3600
Chicago, IL 60603
(312) 251-4600
jfigliulo@fslegal.com
twarman@fslegal.com
lmazzone@fslegal.com

*Counsel for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*


/s/ Martin R. Bader_____
Stephen S. Korniczky (*pro hac vice*)
Martin R. Bader (*pro hac vice*)
Ryan P. Cunningham (*pro hac vice*)
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200

San Diego, CA 92130-2006
858-720-8900
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
rcunningham@sheppardmullin.com

Bradley C. Graveline
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL  60602
312-499-6300
bgraveline@sheppardmullin.com

*Counsel for Defendants HTC Corp. and HTC America, Inc.*


*/s/ Steven Pepe*_____
Marc A. Cavan (SBN 6255725)
**Ropes & Gray LLP**
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 845-1200
marc.cavan@ropesgray.com

James R. Batchelder (*pro hac vice*)
**Ropes & Gray LLP**
1900 University Avenue
6th Floor
East Palo Alto, CA 94303
(650) 617-4000
james.batchelder@ropesgray.com

Steven Pepe (*pro hac vice*)
Alexander E. Middleton (*pro hac vice*)
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
steven.pepe@ropesgray.com
alexander.middleton@ropesgray.com

Matthew J. Rizzolo (*pro hac vice*)
**Ropes & Gray LLP**
700 12th Street, NW

...

One Metro Center
Washington, DC 20005
(202) 508-4600
matthew.rizzolo@ropesgray.com

*Counsel for Defendant Motorola Mobility LLC*


*/s/* _Anish R. Desai_____ _____
Stacie R. Hartman (SBN 6237265)
A. Taylor Corbitt (SBN 6299553)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60611
(312) 258-5607
(312) 258-5600 FAX
shartman@schiffhardin.com
tcorbitt@schiffhardin.com

Brian E. Ferguson (*pro hac vice*)
Anish R. Desai (*pro hac vice*)
David M. DesRosier (*pro hac vice*)
Megan H. Wantland (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005
 (202) 682-7000
 (202) 857-0940 FAX
brian.ferguson@weil.com
anish.desai@weil.com

*Counsel for Defendant Apple Inc.*


*/s/* _Gene W. Lee_____
Richard T. McCaulley (SBN 6225506)
Eric Wei-inn Chang (SBN 6317702)
**Ropes & Gray LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
(312) 845-1200
richard.mccaulley@ropesgray.com
eric.chang@ropesgray.com

Gene W. Lee (*pro hac vice*)

10

Julian Moore (*pro hac vice*)
Seung woo Hur (*pro hac vice*)
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
gene.lee@ropesgray.com
julian.moore@ropesgray.com
ben.hur@ropesgray.com

*Counsel for Defendants Samsung Electronics Co. Ltd., a Foreign Corporation, and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a copy of the attached:

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO TEMPORARILY SUSPEND THE PATENT LOCAL RULE DEADLINES
PENDING RESOLUTION OF THE RULE 12(b)(6) MOTION TO DISMISS**

to be filed with the United States District Court's ECF filing system on June 18, 2015. Counsel named below will be served a copy of same via this Court's ECF notification system.

/s/ James R. Figliulo

**Electronic Mail Notice List**

**The following are those who are currently on the list to receive e-mail notices for this case.**

- **Martin R. Bader**
  mbader@sheppardmullin.com,kgrauer@sheppardmullin.com
- **James R. Batchelder**
  james.batchelder@ropesgray.com,courtalert@ropesgray.com
- **Marc Andrew Cavan**
  marc.cavan@ropesgray.com,mikeisha.walker@ropesgray.com,andrea.jakubas@ropesgray.com,CourtAlert@RopesGray.com
- **Eric Wei-inn Chang**
  eric.chang@ropesgray.com,courtalert@ropesgray.com
- **Jenny L Colgate**
  jcolgate@rfem.com
- **Ashley Taylor Corbitt**
  tcorbitt@schiffhardin.com
- **Ryan Patrick Cunningham**
  rcunningham@sheppardmullin.com
- **David Mitchell DesRosier**
  david.desrosier@weil.com
- **Anish R. Desai**
  anish.desai@weil.com,Apple.Rosetta.NDIL.799.paras@weil.com
- **Michael C Fasano**
  michael.fasano@kobrekim.com
- **Brian E. Ferguson**
  Brian.Ferguson@Weil.com
- **James R. Figliulo**
  jfigliulo@fslegal.com
- **Bradley C. Graveline**
  bgraveline@sheppardmullin.com,acastro@sheppardmullin.com,pramirez@sheppardmullin.com

- **Stacie Rachel Hartman**
  shartman@schiffhardin.com,edocket@schiffhardin.com
- **Kyle L. Harvey**
  harvey@stadheimgrear.com,meid@stadheimgrear.com,ichou@stadheimgrear.com
- **Seung woo Hur**
  ben.hur@ropesgray.com,courtalert@ropesgray.com
- **Joo mee Kim**
  jkim@rfem.com
- **Stephen Sandor Korniczky**
  skorniczky@sheppardmullin.com,jbond@sheppardmullin.com,amertens@sheppardmullin.com
- **Gene W. Lee**
  gene.lee@ropesgray.com,courtalert@ropesgray.com
- **Steven Lieberman**
  slieberman@rothwellfigg.com,nhage@rfem.com
- **Lisa Michelle Mazzone**
  lmazzone@fslegal.com
- **Richard T. McCaulley**
  richard.mccaulley@ropesgray.com,mikeisha.walker@ropesgray.com,courtalert@ropesgray.com
- **Alexander Ernest Middleton**
  alexander.middleton@ropesgray.com,courtalert@ropesgray.com
- **Julian Moore**
  julian.moore@ropesgray.com,courtalert@ropesgray.com
- **Michael K Ng**
  michael.ng@kobrekim.com
- **Steven Pepe**
  steven.pepe@ropesgray.com,CourtAlert@RopesGray.com
- **Matthew Joseph Rizzolo**
  matthew.rizzolo@ropesgray.com,CourtAlert@RopesGray.com
- **Brian A. Tollefson**
  btollefson@rfem.com,biddinn@rfem.com
- **Megan H Wantland**
  megan.wantland@weil.com
- **Thomas Daniel Warman**
  twarman@fslegal.com

## Manual Notice List

**Jill J. Schmidt**
Sidley Austin LLP
1001 Page Mill Road, Building One
Palo Alto, CA 94304