**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSETTA-WIRELESS CORP., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15 C 799 |
| | ) ) | Judge Joan H. Lefkow |
| APPLE INC., a California Corporation, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On June 1, 2015, Rosetta-Wireless Corp. ("Rosetta"), the holder of U.S. Patent No. 7,149,511 ("the '511 patent"), filed an amended complaint for direct patent infringement against Apple Inc. ("Apple"); Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"); Motorola Mobility LLC ("Motorola"); LG Electronics Co. and LG Electronics USA Inc. (collectively, "LG"); and HTC Corporation and HTC America Inc. (collectively, "HTC"). (Dkt. 82 ("Am. Compl.").) Rosetta alleges that defendants "infringed directly and continue to infringe directly" the '511 patent by manufacturing, using, selling, or offering for sale within the United States, or by importing into the United States, products that embody the patented invention. (*Id.* ¶ 15.) Defendants have moved to dismiss for failure to state a claim, or, in the alternative, for a more definite statement (dkt. 88) and to sever the proceedings (dkt. 92), while HTC has separately moved to dismiss the claims against it for improper venue. (Dkt. 95.) For the reasons stated below, the motions are granted in part and denied in part.[1]

---

[1] The court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The parties do not dispute that venue is proper in this district with respect to the non-HTC defendants under 28 U.S.C. §§ 1391(c)(3) and 1400(b). As discussed *infra*, HTC's motion to dismiss for improper venue will be denied as moot given its dismissal without prejudice from this case.

# BACKGROUND[2]

## I.      The Parties

Rosetta is an Illinois corporation engaged in the business of developing and marketing novel solutions to consumers' wireless Internet access problems.  (Am. Compl. ¶ 1.)  Rosetta is the holder of the eighty-claim '511 patent, entitled, "Wireless Intelligent Personal Server," which "receives data transmitted over a wireless communications channel and automatically processes it so as to maintain a copy of at least one electronic file stored in a source computer."  (*Id.* ¶ 14; dkt. 1-1 at 7.)  Defendants are foreign and domestic corporations whose business activities include, among other things, marketing, selling, and offering for sale cellular telephone devices in the United States.  (Am. Compl. ¶¶ 2–12.)  Of particular relevance to the present motions is the citizenship of the HTC entities:  HTC Corporation is a foreign corporation with its corporate headquarters in Taiwan.  (*Id.* ¶ 10.)  HTC America Inc. is a Washington corporation with its principal place of business in Washington.  (*Id.* ¶ 11.)

## II.      Factual and Procedural History

On January 27, 2015, Rosetta filed suit for direct and indirect patent infringement against ten entities affiliated with Apple, Samsung, Motorola, LG, or HTC.  (Dkt. 1.)  According to the original complaint, defendants had "infringed directly and indirectly" the '511 patent by manufacturing, using, selling, or offering for sale within the United Sates, or by importing into the United States, products that embodied the patented invention.  (*Id.* ¶ 18.)  Rosetta attached a copy of the patent to its original complaint (*see* dkt. 1-1) and also appended a list of approximately 300 products (specifically, smartphones and tablets) that allegedly infringed the

---

[2] Given the brevity of the amended complaint, the court has culled this background from the original and amended complaints, as well as the docket.  The facts taken from the amended complaint are presumed true for the purpose of resolving the pending motions.  *See Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (motion to dismiss for failure to state a claim); *Faulkenberg* v. *CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011) (motion to dismiss for improper venue).

'511 patent, complete with retail names, model numbers, and release dates (if known).  (*See* dkt. 1-2.)  The list included, for example, various models of Apple's iPhone.  (*See id.*)

After voluntarily dismissing two defendants (*see* dkts. 9, 37), Rosetta filed an amended complaint on June 1, 2015.  (*See* Am. Compl.)  In the amended complaint, Rosetta states that the court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and that "[v]enue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) in that each Defendant has done business [and] . . . committed acts of infringement in this District."  (*Id.* ¶ 13.)  Rosetta also alleges ownership over the patent in suit and asserts that defendants

> have infringed directly and continue to infringe directly the '511 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, or offer for sale within the United States, or the importation into the United States of products that embody the patented invention, including the products listed for each Defendant in the attached Exhibit B.[3]

(*Id.* ¶¶ 14–15.)  As a remedy, Rosetta requests damages and injunctive relief.  (*Id.* ¶ 16.)

Defendants have filed three motions directed at the amended complaint:  (1) defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e) (dkt. 88); (2) defendants' motion to sever the proceedings under 35 U.S.C. § 299 and Rule 21 (dkt. 92); and (3) HTC's motion to dismiss the claims against it for improper venue under Rule 12(b)(3).  (Dkt. 95.)  Because defendants' motion to sever is dispositive with respect to the non-Apple defendants, the court addresses it first before turning to defendants' motion to dismiss and HTC's motion to dismiss for improper venue.

---

[3] Although Rosetta did not attach a copy of the '511 patent or the list of allegedly infringing products to its amended complaint, the parties do not dispute that these documents are considered part of Rosetta's amended pleading as they are concededly authentic, referenced in the amended complaint, and central to Rosetta's claims.  (*See* Am. Compl. ¶¶ 14–15); *Adams* v. *City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

## ANALYSIS

### I.    Defendants' Motion to Sever

Defendants move to sever the proceedings into five separate suits on the ground that defendants were impermissibly joined.  Although Federal Rule of Civil Procedure 20 typically governs joinder in federal court, 35 U.S.C. § 299, enacted as part of the Leahy-Smith America Invents Act ("the AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), details when joinder of accused patent infringers is proper:

> (a) . . . [P]arties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
>
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> >
> > (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).  Additionally, § 299(b) provides that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).  "The AIA's joinder provision is more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process." *In re Nintendo Co., Ltd.*, 544 Fed. App'x 934, 939 (Fed. Cir. 2013).  If joinder is improper, a court may sever the proceedings under Rule 21.  *See* Fed. R. Civ. P. 21.

Here, Rosetta does not argue that all defendants are jointly and severally liable for infringing the '511 patent, or that any right to relief arises out of the same transaction or

4

occurrence.  Indeed, it would be difficult to do so, as even under the more-lenient standard of

Rule 20, courts in this district and others have repeatedly "concluded that a party fails to satisfy

[the] requirement of a common transaction or occurrence where unrelated defendants, based on

different acts, are alleged to have infringed the same patent."  *Rudd* v. *Lux Prods. Corp. Emerson*

*Climate Techs. Braeburn Sys., LLC*, No. 09 C 6957, 2011 WL 148052, at *3 (N.D. Ill. Jan 12,

2011) (collecting cases).  Rather, Rosetta states that it does not oppose defendants' motion and

merely requests that, should the court sever the actions, "the five defendant groups . . . maintain

consolidated pretrial proceedings, including a common schedule, coordinated discovery,

consolidated depositions, and consolidated *Markman* proceedings."  (Dkt. 100 at 1–2.)

Because Rosetta does not oppose severance, the court will exercise its discretion under

Rule 21 to sever the claims against the five defendant groups (Apple, Samsung, Motorola, LG,

and HTC).  With respect to Rosetta's accompanying request for consolidation, the court notes

that such a request is inappropriate at this time, as all defendants but Apple will be dismissed

without prejudice so that Rosetta can file separate suits against each defendant group.  With that

said, the court notes that consolidation in the future may serve the interest of judicial economy

and allow the cases to be efficiently resolved.  *See* Fed. R. Civ. P. 42(a).

## II.     Defendants' Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss for failure to state a claim, or, in the alternative, for a

more definite statement.  Because the non-Apple defendants will be dismissed without prejudice

pursuant to the court's ruling on defendants' motion to sever, the court addresses this motion

with respect to Apple only.

Claims for direct infringement are governed by 35 U.S.C. § 271(a), which provides that

"whoever without authority makes, uses, offers to sell, or sells any patented invention, within the

United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." The parties' first dispute is what legal standard should determine the sufficiency of the amended complaint. Defendants argue that Seventh Circuit law, and in particular, the Supreme Court's interpretation of Federal Rule of Civil Procedure 8 governs, while Rosetta contends that Form 18 of the Federal Rules of Civil Procedure supplies the controlling standard. Rosetta is correct. The amended complaint need only comply with Form 18.

Because a Rule 12(b)(6) motion for failure to state a claim "is a purely procedural question not pertaining to patent law," the court applies Seventh Circuit precedent notwithstanding the patent-based nature of the suit. *See McZeal* v. *Spring Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also In Re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). In this circuit, as in all others, a motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Bissessur* v. *Ind. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Bissessur*, 581 F.3d at 602.

Although Seventh Circuit law applies, the Federal Rules of Civil Procedure provide a series of forms that "suffice under the[] rules and illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84. Form 18 in the Appendix of Forms sets forth the

6

following elements of a claim for direct patent infringement, which a plaintiff must plead to survive dismissal: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357 (alteration in original) (quoting current Fed. R. Civ. P. Form 18). A pleading that properly adheres to the specificity of Form 18 "cannot be successfully attacked," *In re Bill of Lading*, 681 F.3d at 1334 (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3162 (2d ed. 1997)), and this is true regardless of the law of the applicable regional circuit. *See K-Tech Telecomm., Inc.* v. *Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 n.1 (Fed. Cir. 2013). Indeed, "[a]ny changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Id.* at 1283 (quoting *Leatherman* v. *Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). "[T]o the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control."[4] *Id.* (citation omitted).

Defendants argue that even if Form 18 controls, Rosetta's amended complaint still fails to state a claim on which relief can be granted. The parties do not dispute that Rosetta has pleaded elements 1, 2, and 5 of Form 18, but disagree as to whether prongs 3 and 4 are satisfied. Element 4 can be dealt with swiftly, as defendants' only argument on this point is that Rosetta has failed to plead that it gave notice to defendants of the alleged infringement before filing suit. Contrary

---

[4] Although Rule 84 has been abrogated, and with it, the Appendix of Forms, that change does not go into effect until December 1, 2015. *See* Fed. R. Civ. P. 84 ("[Text of Rule 84 abrogated effective December 1, 2015, absent contrary Congressional action.]"). As such, the court looks to Form 18 for purposes of this suit and declines to hold Rosetta to a different pleading standard at this juncture.

7

to defendants' contention, Form 18 does not require pre-suit notice of infringement, as the filing of a complaint constitutes sufficient notice.  *See* 35 U.S.C. § 287(a) ("Filing of an action for infringement shall constitute such notice."); *Addiction & Detoxification Inst. L.L.C.* v. *Carpenter*, --- Fed. App'x ---, 2015 WL 4430128, at *2 (Fed. Cir. July 21, 2015) ("Pre-filing notice, however, is not required to bring a suit for direct infringement." (citing 35 U.S.C. § 287)).  Accordingly, defendants' argument does not counsel in favor of dismissal.

        Nor is the court persuaded that the amended complaint fails to comply with element 3.  That paragraph of Form 18 requires, by way of example, a statement that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention."  Fed. R. Civ. P. Form 18 (emphasis omitted).  Rosetta satisfies this standard by alleging that defendants "have infringed directly and continue to infringe directly the '511 Patent" by manufacturing, using, selling, or offering for sale within the United States, or by importing into the United States, products that embody the patented invention.  (Am. Compl. ¶ 15.)  Rosetta also lists approximately 300 of defendants' smartphones and tablets in Exhibit B as examples of products that embody the patented invention, and for each product, Rosetta provides the retail name and model number, as well as the release date (if known).  (*See* dkt. 1-1.)  These allegations satisfy Form 18 because they notify defendants "what is being accused of infringement"—specific smartphones and tablets—and therefore "allow[] . . . defendant[s] to understand the nature of the suit and prepare an answer."  *Addiction & Detoxification Inst. L.L.C.*, 2015 WL 4430128, at *3; *see also In re Bill of Lading*, 681 F.3d at 1336 (noting that "as long as the complaint . . . meet[s] the requirements of Form 18, the complaint has sufficiently pled direct infringement").

        Defendants argue that the asserted patent and accused products in this case are

significantly more complex than the electric motor example described in Form 18 and that

therefore, Rosetta must provide more detail to state a plausible claim for relief.  Specifically,

defendants contend that, in contrast to Form 18, the '511 patent includes eighty claims, some of

which require the presence of multiple devices, and that the accused smartphones and tablets

have hundreds of different features and functionalities.  Thus, defendants maintain, Rosetta must

identify "what features or functionalities of Defendants' products are accused of infringement,

and what these features or functionalities purportedly 'map to' within the claims of the '511

patent."  (Dkt. 89 at 8.)  Defendants, however, cite to no controlling authority holding that such

information is required under Form 18.  Indeed, although they cite the Federal Circuit's general

statement in *K-Tech* that "[t]he adequacy of the facts pled depends on the breadth and

complexity of both the asserted patent and the accused product or system," that case reversed the

district court's dismissal of the suit and found that the plaintiff's compliance with Form 18 was

sufficient to state a claim.  *See K-Tech*, 714 F.3d at 1286–87.  Moreover, the vast majority of

decisions that have dismissed complaints for failure to comply with Form 18 have involved

complaints that did not identify any specific products that allegedly infringed the patent in suit.

*See, e.g.*, *Addiction & Detoxification Inst. L.L.C.*, 2015 WL 4430128, a *3 (affirming dismissal

of the plaintiff's complaint and noting that "[t]here must be some allegation of specific services

or products of the defendants which are being accused"); *Prism Techs., LLC* v. *AT&T Mobility,

LLC*, No. 8:12-CV-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (dismissing complaint

when the plaintiff broadly accused AT&T's "various wireless products and data services" of

infringement); *see also Bender* v. *LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL

889541, at *4 (N.D. Cal. Mar. 11, 2010) (noting that "[s]everal recent district court cases have

held that the factual allegations in a patent infringement complaint must identify the specific

products accused" (collecting cases)). That concern is not present here, as Rosetta has identified specific, accused products. Because the amended complaint complies with Form 18, defendants' motion to dismiss must be denied. The court declines to order Rosetta to provide a more definite statement.

**III.     HTC's Motion to Dismiss for Improper Venue**

Finally, HTC has moved to dismiss for improper venue. Because HTC will be dismissed without prejudice, the court will deny this motion as moot, without prejudice.

## CONCLUSION AND ORDER

For the foregoing reasons, defendants' motion to sever the proceedings (dkt. 92) is granted. The claims against the following defendant groups are dismissed without prejudice: (1) Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.; (2) Motorola Mobility LLC; (3) LG Electronics Co. and LG Electronics USA Inc.; and (4) HTC Corp. and HTC America Inc. Rosetta may file separate lawsuits against these four defendant groups. Defendants' motion to dismiss (dkt. 88) is denied with respect to Apple and HTC's motion to dismiss for improper venue (dkt. 95) is denied, without prejudice, as moot.

Date:   November 10, 2015

_____
      U.S. District Judge Joan H. Lefkow