UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Civil Action No. 15-cv-00799 |
| Plaintiff | | |
| v. | | Honorable Judge Joan H. Lefkow |
| APPLE INC., a California Corporation, | | |
| Defendant. | | |

| | | |
|---|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff | | Civil Action No. 15-cv-10603 |
| v. | | Judge Matthew F. Kennelly |
| | | Judge Joan H. Lefkow for Pretrial |
| HIGH TECH COMPUTER CORP., a/k/a HTC CORP., a Foreign Corporation, and HTC AMERICA INC., a Washington Corporation, | | |
| Defendants. | | |

| | | |
|---|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff | | Civil Action No. 15-cv-10605 |
| v. | | Judge Matthew F. Kennelly |
| | | Judge Joan H. Lefkow for Pretrial |
| SAMSUNG ELECTRONICS CO. LTD., a Foreign Corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, | | |
| Defendants. | | |
| [additional parties on following page] | | |

| | |
|---|---|
| ROSETTA-WIRELESS CORP., an Illinois Corporation, | )<br>)<br>) |
| Plaintiff | ) Civil Action No. 15-cv-10608<br>) |
| v. | ) Judge Edmond E. Chang<br>) Judge Joan H. Lefkow for Pretrial |
| LG ELECTRONICS CO., a Foreign Corporation, and LG ELECTRONICS USA INC., a Delaware Corporation, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| ROSETTA-WIRELESS CORP., an Illinois Corporation, | )<br>)<br>) |
| Plaintiff | ) Civil Action No. 15-cv-10611<br>) |
| v. | ) Judge Robert M. Dow, Jr.<br>) Judge Joan H. Lefkow for Pretrial |
| MOTOROLA MOBILITY LLC, a Delaware Corporation, | )<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF ROSETTA-WIRELESS CORP.'S CONDITIONAL NON-OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION**

**TABLE OF AUTHORITIES**

**Cases**

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
  Nos. 14-cv-3348-3351, 2015 WL 1006582, *2 & n.3 (N.D. Cal. March 6, 2015) ............ 2, 3, 4

*Everlight Electronics Co., Ltd. v. Nichia Corporation*,
  2013 WL 1821512 at *9 (E.D. Mich. Apr. 30, 2013) ................................................................. 4

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
  No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014) .................... 3, 6

*e-Watch, Inc. v. FLIR Sys., Inc.*,
  No. CIV.A. H-13-0638, 2013 WL 8695916, at *1 (S.D. Tex. Aug. 8, 2013) ................ 3, 4, 5, 6

*Locata LBS, LLC v. Yellowpages.com, LLC*,
  No. LA CV13-07664 JAK, 2014 WL 8103949, at *5 (C.D. Cal. July 11, 2014) ........... 2, 3, 5, 7

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  No. CV 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) ................................. 3

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 13-cv-1356, 2014 WL 116340, *5-*6 (N.D. Cal. Jan. 13, 2014) ................................ 3, 4, 6

*Personalweb Techs., LLC v. Google, Inc.*,
  No. 13-cv-1317, 2014 WL 4100743, *5 (N.D. Cal. Aug 20, 2014) ....................................... 3, 4

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
  No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) .............. 3, 4

*Signal IP, Inc. v. Fiat U.S.A., Inc.*,
  No. 14-CV-13864, 2015 WL 5719670, at *4 (E.D. Mich. Sept. 30, 2015) ............................ 4, 5

**Statutes**

35 U.S.C. § 102 ................................................................................................................................ 6

35 U.S.C. § 103 ................................................................................................................................ 6

35 U.S.C. § 315 ............................................................................................................................ 1, 2

**Other Authorities**

In re TC Heartland: Asking the Federal Circuit to 'Fix' Patent Venue Law ................................. 7

Plaintiff Rosetta-Wireless Corp. respectfully submits this response to Defendants' joint motion to stay all pending litigation concerning the patent-in-suit[1] until the two petitions for *inter partes review* ("IPR") filed by Defendants Apple and Samsung are fully resolved by the Patent Trial and Appeals Board ("PTAB"). Rosetta does not oppose a stay so long as it is structured so as to truly streamline this matter and to minimize prejudice to Rosetta. Defendants' proposal fails to accomplish this goal in one critical respect: those Defendants who have not filed a petition for IPR—LG, Motorola and HTC (the "non-filing Defendants")—request that their cases be stayed to the same extent as if they had filed an IPR but have not agreed that the results of the IPR will estop them to the same extent as the filing parties. In other words, they seek all of the procedural and substantive benefits attendant to the filing of an IPR, but none of the corresponding burdens.

In particular, if some or all of the claims of the patent-in-suit are reaffirmed by the PTAB the filing parties (Apple and Samsung) will be estopped from arguing invalidity based upon "any ground" that actually was or "reasonably could have" been raised in the IPRs. *See* 35 U.S.C. § 315(e)(2). Under Defendants' proposal, however, the non-filing Defendants will be free to assert any ground that was not actually raised by Apple or Samsung. *See* Dkt. No. 149 in Case 15-799, at 9. This will inevitably create substantial burdens on the Court, the parties and the juries in these cases, as Rosetta and the non-filing parties will be forced to re-litigate validity questions that are close to but technically not the same as the issues resolved in the IPRs. Defendants chose to file relatively narrow IPRs that assert a limited set of alleged prior art references, and invalidity based solely on obviousness–-which contrasts with the hundreds of references and

---

[1] The Rosetta-Wireless cases consolidated for pre-trial purposes in front of this Court are those against Apple (No. 15-cv-00799); HTC (No. 15-cv-10603); Samsung (No. 15-cv-10605); LG (No. 15-cv-10608); and Motorola (No. 15-cv-10611).

1

multiple invalidity theories that they have asserted in these cases. Under Defendants' proposal all of those unraised issues would remain to be litigated after the conclusion of the IPRs.

The serious burdens associated with non-filing parties avoiding estoppel has led other courts in similar circumstances to order as a condition to granting a stay of cases against non-filers that such defendants be estopped to the same degree as the parties who filed the IPR. Doing so advances interests in judicial economy that lie at the very core of the IPR framework adopted by Congress. Rosetta respectfully submits that this Court should take the same approach here. The non-filing defendants—who have long been coordinating with Apple and Samsung through a Joint Defense Group—made a deliberate choice to forego filing their own IPRs and instead to depend on those filed by Apple and Samsung. Having made that choice, they should only be permitted to secure the benefits of a stay if they are bound to the same degree as the parties that filed.

## DISCUSSION

I. **Any Stay Should Be Conditioned On The Non-Filing Defendants Being Estopped To The Same Extent As The Filing Defendants**

Confronted with precisely the same question that faces the Court here, district courts typically hold that defendants who did not file an IPR should only have their cases stayed if they are estopped to the same extent as parties that did file the IPR, *i.e.* with respect to "any ground" that the petitioners in the IPR "raised or could have raised." *See, e.g.*, *Capella Photonics, Inc. v. Cisco Sys., Inc.*, Nos. 14-cv-3348-3351, 2015 WL 1006582, *2 & n.3 (N.D. Cal. March 6, 2015) (explaining that "courts in this district have conditioned the grant of stays pending IPR in multi-defendant cases on the non-party co-defendants agreeing to be bound by the IPR estoppel provisions of 35 U.S.C. § 315(e)(2)); *Locata LBS, LLC v. Yellowpages.com, LLC*, No. LA CV13-07664 JAK, 2014 WL 8103949, at *5 (C.D. Cal. July 11, 2014); *Personalweb Techs.,*

2

*LLC v. Google, Inc.*, No. 13-cv-1317, 2014 WL 4100743, *5 (N.D. Cal. Aug 20, 2014) ("[T]he court will alleviate its serious estoppel concerns by using its inherent power to condition a stay on Defendants' agreement to be bound as if they themselves had filed the relevant IPR petitions."); *Personalweb Techs., LLC v. Facebook, Inc.*, No. 13-cv-1356, 2014 WL 116340, *5-*6 (N.D. Cal. Jan. 13, 2014); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014); *e-Watch, Inc. v. FLIR Sys., Inc.*, No. CIV.A. H-13-0638, 2013 WL 8695916, at *1 (S.D. Tex. Aug. 8, 2013) ("Since the court's stay is conditioned upon FLIR being so estopped, the court concludes that a stay will not unduly prejudice plaintiff or present a clear tactical disadvantage to plaintiff."). *See also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (court found that stay was appropriate against defendants who did not file the IPR because those defendants "agreed to stipulate to being estopped to the same extent that [the filing party] would be estopped[.]"); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (same).

This approach is grounded in sound judicial policy. As Defendants note, the question of whether they have met their burden of demonstrating that a stay is warranted is determined through a multi-factor test that includes considerations such as whether the stay would simplify and streamline the case; and whether the stay would "unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Locata LBS*, 2014 WL 8103949, at *2. But these factors only favor a stay if estoppel applies to the non-filing parties.

First, "the fact that the patent infringement defendants are not automatically estopped jeopardizes the IPRs' critical intended effects on any subsequent district court action." *Capella Photonics*, 2015 WL 1006582 at *2. That is because "should any claims survive the pending

3

IPRs ... the expected efficiencies would be eviscerated should Defendants go on to bring invalidity arguments in this court that were raised or could have been raised before the PTAB." *Personalweb Techs. v. Google,* 2014 WL 4100743, at *5; *accord Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-CV-13864, 2015 WL 5719670, at *4 (E.D. Mich. Sept. 30, 2015); *Capella Photonics*, 2015 WL 1006582, *2; *Semiconductor Energy Laboratory*, 2012 WL 7170593 at *2. This echoes the general sentiment that "[i]f regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide final resolution," and thus does not provide the streamlining that supports a stay. *See Everlight Electronics Co., Ltd. v. Nichia Corporation*, 2013 WL 1821512 at *9 (E.D. Mich. Apr. 30, 2013). Because "Congress instituted the reexamination process to shift the burden o[f] reexamination of patent validity from the courts to the PTO," and because a limited estoppel would not avoid "duplicative costs and efforts and … the possibility of inconsistent judgments," the Court should require the scope of estoppel provided for under section 315(e)(2). *PersonalWeb Techs v. Facebook.*, 2014 WL 116340, at *4-*6.

Second, the inclusion of the estoppel component also avoids undue prejudice that would otherwise result from a stay. *e-Watch Inc.*, 2013 WL 8695916, at *1. Defendants ignore that a stay is prejudicial to a plaintiff "because a plaintiff has a legitimate interest in having its case timely resolved." *Signal IP*, 2015 WL 5719670, at *6. Thus, the prejudice factor weighs against a stay where, as here, "the [IPRs] were not filed until almost a full year after Plaintiff filed its complaint[.]"[2] *Id.* This is true even when the parties are not competitors because "that aspect is

---

[2] Defendants' motion blatantly mischaracterizes the relevant background of this litigation, in a disingenuous attempt to suggest that Rosetta has not been diligent in moving these cases forward. The facts are to the contrary. Rosetta filed this action in January 2015 against all defendants and immediately served all domestic parties. Counsel for the foreign parties,

4

outweighed by possible harm from the slow pace to resolution that a stay would produce." *Id.* If, however, the non-filing Defendants were subject to the full scope of estoppel consistent with section 315(e)(2), such prejudice would be minimized because invalidity—a central question in this case—will have been largely if not entirely adjudicated with finality by the PTAB. *e-Watch Inc.*, 2013 WL 8695916, at *1.

The prejudice and streamlining concerns at issue would not be cured by the limited estoppel proposed by Defendants here. *See* Dkt. No. 149 in Case 15-799, at 9. "A limited estoppel would be inefficient" because it encourages the non-filing parties "to wait for the determinations of the PTO following [IPR] and then raise any new grounds upon which the [patent-in-suit] might be invalidated." *Locata LBS*, 2014 WL 8103949, at *5. Plainly, "[p]roceeding in this manner would impose unwarranted delay[.]" *Id. See also Evolutionary*

---

however, asked that the case be delayed by three months so that defendants could prepare their response to the complaint. Defendants then waited the full three months before fling a motion to dismiss the complaint based upon a purported lack of specificity in the complaint. Defendants also filed a motion to sever which, notably, Rosetta *did not oppose*. *See* Dkt. No. 100 in Case 15-799. Instead, Rosetta merely took the position that once severed, the proceedings should be consolidated for pre-trial proceedings. Ultimately, the Court agreed with Rosetta's position on both issues: it *denied* Defendants' motion to dismiss and (later) granted pre-trial consolidation. Unfortunately, Defendants pursuit of their misguided motion to dismiss delayed the progress of the case until the Court was able to resolve it in November—11 months after the case was filed. Rosetta then moved quickly to file new complaints and contact Defendants to confirm that (consistent with applicable Seventh Circuit law) the new complaints need not have been reserved. Defendants again put up a roadblock, first insisting upon re-service of complaints that had already been served on them nine months earlier and then (with regard to some defendants) insisting that the case be *again* delayed by several more months in exchange for the foreign defendants waiving formal foreign service. Ultimately, Rosetta was forced to seek relief from the Court to try to avoid these delays such that service on all parties was not completed until January 12, 2016—the same day that the Court resolved Rosetta's motion concerning service. One party—LG—insisted upon having three months to respond to the Complaint, but LG's subsidiary appeared long ago and both LG entities have long been participating in discovery. In short, the only source of delay in these cases has been Defendants' stonewalling. The fact that Apple and Samsung waited an entire year to file their IPRs, and then waited almost two more months to request a stay reflects their lack of diligence—not Rosetta's—and counsels against a stay. *See Signal IP*, 2015 WL 5719670, at *6.

5

*Intelligence*, 2014 WL 2738501, at *4 (holding that full estoppel under section 315(e)(2) was necessary "to fully appreciate the benefits of a more streamlined litigation"). It also undermines the purpose of the IPR regime, which is "to encourage the petitioner to present its best and most comprehensive invalidity arguments to the PTAB" because "the IPR proceedings produce decisive expert guidance from the PTAB on patent validity issues, a process which a less-specialized district court need not expend the resources to duplicate." *Personalweb Techs.*, 2014 WL 4100743, at *5.

Here, the limited estoppel proposed by the non-filing Defendants would allow them to broadly litigate prior art and invalidity notwithstanding that the PTAB will have already finally decided those issues (albeit with regard to technically different prior art or legal theories) in the IPR. Defendants have cited more than 300 alleged prior art references in their L.P.R. 2-3 invalidity disclosures, but the IPRs raise fewer than 50 references. Moreover, the IPRs only argue that the patent is invalid under a theory of obviousness under 35 U.S.C. § 103, while Defendants' invalidity disclosures also include anticipation under 35 U.S.C. § 102. Accordingly, if some or all of the asserted claims of the patent-in-suit are reaffirmed by the PTAB, very little will have been resolved in Rosetta's cases against the non-filing Defendants and those parties will return to this Court with largely the same issues yet to be decided. That is not how the IPR process is designed to function, and certainly not a judicial efficiency that supports a stay.

Finally, a limited estoppel is also insufficiently protective against prejudice to the patentee. *See e-Watch Inc.*, 2013 WL 8695916, at *1 ("Since the court's stay is conditioned upon FLIR being so estopped, the court concludes that a stay will not unduly prejudice plaintiff or present a clear tactical disadvantage to plaintiff."). The ability of the non-filing parties to capture both the benefits of an IPR outcome adverse to Rosetta and the benefits of a stay of the

6

litigation, while not being meaningfully estopped if the IPR outcome is favorable to Rosetta would represent a massive and inappropriate "tactical disadvantage" to plaintiff that precludes entry of a stay. *Id.*; *see Locata LBS*, 2014 WL 8103949, at *2. This Court can protect against such prejudice by following the practice adopted by other Courts and requiring that the non-filing Defendants be estopped to the same degree as the filing Defendants.

## CONCLUSION

Accordingly, Rosetta respectfully requests that the Court order as follows:

- All deadlines in the consolidated cases shall be stayed pending decision on Defendants' motion for stay. (This portion of the request is undisputed, *see* Dkt. No. 149 in Case 15-799, at 3).

- These matters shall be stayed until Apple's and Samsung's pending petitions for IPR are resolved by the PTAB. However, Apple's motion for judgment on the pleadings (Dkt. No. 126 in Case 15-799) is fully briefed and nothing in the Court's stay precludes the Court in its discretion from resolving the motion prior to the lifting of the stay.[3]

- The stay of these matters is conditioned upon the HTC, Motorola and LG being estopped to the same extent as Apple and Samsung under 35 U.S.C. 315 (e)(2),

---

[3] HTC has not indicated whether it still seeks resolution of its own motion to dismiss based upon improper venue. *See* Dkt. No. 50 in Case 15-10603. This is presumably due to the fact that the Federal Circuit appears to be poised to reject HTC's jurisdictional argument in *In re TC Heartland*. *See, e.g.* "In re TC Heartland: Asking the Federal Circuit to 'Fix' Patent Venue Law," at http://www.ipwatchdog.com/2016/03/29/in-re-tc-heartland-asking-federal-circuit-to-fix-patent-venue-law/id=67566/ ("Throughout oral arguments, the panel appeared extremely skeptical of TC Heartland's legal analysis, with Judge More at one point referring to the argument as becoming 'quite attenuated.'"). Rosetta suggests that the Court also exclude the HTC motion from the stay, so that it can be resolved upon the Federal Circuit's ruling in *TC Heartland*.

7

including that if the IPRs result in a final written decision under 35 U.S.C. § 318(a), the HTC, Motorola and LG entities may not assert that any claim that was before the PTAB is invalid on any ground that was raised or reasonably could have been raised during the IPR.

- The upcoming status conference scheduled for April 19, 2016 shall be vacated.
- The parties are ordered to file a joint status update with the Court on September 1, 2016, and every 90 days thereafter until the IPR is fully resolved.

Date: March 30, 2016

KOBRE & KIM LLP

/s/ Daniel Zaheer
Michael Ng (*pro hac vice*)
Daniel A. Zaheer (*pro hac vice*)
Kobre & Kim LLP
150 California, 19th Floor
San Francisco, California 94111
michael.ng@kobrekim.com
daniel.zaheer@kobrekim.com
 (415) 582-4803

STADHEIM & GREAR, LTD.
Rolf O. Stadheim
Kyle L. Harvey
Robert M. Spalding
Christopher H. St. Peter
400 North Michigan Avenue, Suite 2200
Chicago, Illinois 60611
stadheim@stadheimgrear.com
harvey@stadheimgrear.com
spalding@stadheimgrear.com
stpeter@stadheimgrear.com
(312) 755-4400

*Attorneys for Plaintiff Rosetta-Wireless Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2016, I electronically filed PLAINTIFF ROSETTA-WIRELESS CORP.'S QUALIFIED NON-OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Daniel Zaheer
Daniel Zaheer (*pro hac vice*)
KOBRE & KIM LLP