**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSETTA-WIRELESS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Lead Case No. 15 C 799 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| ROSETTA-WIRELESS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 10603 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| HIGH TECH COMPUTER CORP., a/k/a | ) | Judge Joan H. Lefkow |
| HTC CORP., and HTC AMERICA INC., | ) | (for pretrial proceedings) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| ROSETTA-WIRELESS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 10605 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| SAMSUNG ELECTRONICS CO. LTD. and | ) | Judge Joan H. Lefkow |
| SAMSUNG ELECTRONICS AMERICA, | ) | (for pretrial proceedings) |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | |
|---|---|
| ROSETTA-WIRELESS CORP., )<br>)<br>Plaintiff, )<br>)<br>)  Case No. 15 C 10608<br>v. )<br>)  Judge Edmond E. Chang<br>LG ELECTRONICS CO. and )  Judge Joan H. Lefkow<br>LG ELECTRONICS USA INC., )  (for pretrial proceedings)<br>)<br>Defendants. )<br>_____ )<br>ROSETTA-WIRELESS CORP., )<br>)<br>Plaintiff, )<br>)<br>)  Case No. 15 C 10611<br>v. )<br>)  Judge Robert M. Dow, Jr.<br>MOTOROLA MOBILITY LLC, )  Judge Joan H. Lefkow<br>)  (for pretrial proceedings)<br>Defendant. )<br>_____ ) | |

## ORDER

Defendants' motion to stay (dkt. 148) is granted. Case nos. 15 C 799, 15 C 10603, 15 C 10605, 15 C 10608, and 15 C 10611 (the related cases) are stayed pending (1) final written decisions by the Patent Trial and Appeals Board (PTAB) on Apple and Samsung's *inter partes* review (IPR) petitions, (2) this court's ruling on Apple's motion for judgment on the pleadings (dkt. 125), and (3) this court's ruling on HTC's motions to dismiss for improper venue (no. 15 C 10603, dkts. 10, 51).[1] HTC's motions to stay (no. 15 C 10603, dkts. 13, 51) are denied as moot.

The parties are ordered to file a joint status report every ninety days, beginning August 19, 2016.

## STATEMENT

Defendants Apple, Inc. (Apple), High Tech Computer Corp. and HTC America Inc. (HTC), Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (Samsung), LG Electronics, Inc. and LG Electronics U.S.A., Inc. (LG), and Motorola Mobility LLC (Motorola) (collectively, defendants) move to stay the related cases pending written final decisions on Apple and Samsung's petitions seeking IPR of Rosetta-Wireless Corp.'s (Rosetta)

---

[1] In HTC's response to Rosetta's notice of supplemental authority relating to HTC's motion to dismiss (dkt. 69), HTC requests that this court defer ruling on its motion to dismiss until the Supreme Court has had an opportunity to review *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016). Given that whether the Supreme Court will review *In re TC Heartland* is speculative and accompanied by an unknown timetable, the court declines HTC's request to further defer ruling on its motions to dismiss.

2

asserted claims of U.S. Patent No. 7,149,511[2] and a decision on Apple's motion for judgment on the pleadings (dkt. 125).[3] (Dkt. 148.)

## I. Legal Standard

District courts have the "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc.* v. *Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). "The factors typically examined by a district court in determining whether to grant a stay pending IPR are whether the stay will: (1) unduly prejudice or tactically disadvantage the nonmoving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court." *Ignite USA, LLC* v. *Pac. Market Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014) (citing *Black & Decker Inc.* v. *Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct 1, 2013)).

## II. Analysis

Defendants argue that the above-listed factors warrant a stay. (*See* dkt. 149.) Rosetta's opposition to the stay is conditional. It thinks that there are benefits to the stay if both the petitioning (Apple and Samsung) and non-petitioning (HTC, LG, and Motorola) defendants are subject to 35 U.S.C. § 315(e)(2) estoppel. (*See* dkt. 154.) That, however, is not the basis of defendants' motion. Unlike the petitioning defendants, the non-petitioning defendants have agreed to a more limited estoppel. (*See* dkt. 149 at 9.) Instead of being estopped from raising any ground that the petitioning defendants "raised or reasonably could have raised during" IPR, 35 U.S.C. § 315(e)(2), the non-petitioning defendants have conditioned their motion on being estopped from asserting "the invalidity grounds raised in Samsung's and Apple's IPR petitions that are decided in final written decisions by the PTAB" (dkt. 149 at 9).

Rosetta cites cases supporting its position that the conditioning of statutory estoppel on non-petitioning defendants is appropriate to achieve a stay's efficiencies. (*See* dkt. 154 at 2–3.) Defendants distinguish some of this case law (*see* dkt. 155 at 5 n.6), but some cannot be distinguished.[4] Nonetheless, defendants have case law of their own demonstrating that courts

---

[2] On February 12, 2016, Apple and Samsung jointly filed two IPR petitions: IPR2016-00616 and IPR2016-00622.

[3] In the alternative defendants requested a limited stay until the PTAB's decision to institute IPR proceedings issues. (Dkt. 148 at 2.) Given the relief granted, this alternative request is moot. The parties also requested an immediate discovery stay of all proceedings pending resolution of this motion, which this court has previously granted. (Dkt. 160.) In its response to defendants' motion, Rosetta-Wireless also notes that HTC has pending motions filed in case no. 15 C 10603. (*See* dkt. 154 at 7 n.3.) Those motions have been addressed in the order section of this ruling.

[4] *See Locata LBS, LLC* v. *Yellowpages.com, LLC*, Nos. LA CV 13-07664 JAK (SHx), LA CV13-07743 JAK (SHx), 2014 WL 8103949, at *5 (C.D. Cal. July 11, 2014) ("A limited estoppel would be inefficient. If it were adopted, [the non-petitioning defendants] would have the opportunity to wait for the determinations of the PTO following inter partes review and then raise any new grounds upon which the '381 Patent might be invalidated. Proceeding in this manner would impose unwarranted delay in this

3

have routinely granted stays conditioned upon non-petitioning defendants accepting the more limited estoppel proposed here by defendants (or no estoppel at all).[5] As such, the court finds itself in a position similar to other courts to have addressed this issue: "Case law from around the country supports both parties' positions regarding the proposed stay. In other words, court facing similar facts have both granted and denied motions to stay." *Intellectual Ventures II*, 2014 WL 2589420, at *2.

Here, the three factors, even with defendants' proposed limited estoppel, weigh in favor of granting the stay.

### A. Undue Prejudice And Tactical Disadvantage

A stay will not be unduly prejudicial or tactically disadvantageous to Rosetta. As defendants point out, a delay that results from a stay is not inherently unduly prejudicial, especially here, where Rosetta and defendants are not competitors and, therefore, a monetary award will be able to rectify any harm that comes to Rosetta as a result of a delay. *Evolutionary Intelligence, LLC*, 2014 WL 4802426, at *5 ("More importantly, because [the parties] are not competitors . . . , [the plaintiff] does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the status quo ante with monetary relief." (citing *Active Video Networks, Inc.* v. *Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1339–41 (Fed. Cir. 2012))). Further, Rosetta will suffer the same delay if defendants' estoppel proposal is adopted or if all defendants are subject to § 315(e)(2)—the latter of which, Rosetta concedes would not be unduly prejudicial. Rosetta also argues that defendants are gaming the system by only having a few file IPR petitions, while all get to sit back and enjoy the benefits of a stay. This argument has been considered and rejected by other courts, for reasons this court finds persuasive, where, as here, the non-petitioning defendants have represented that they have no

---

action. For these reasons, the Court will grant the stay conditioned on a stipulation by [the non-petitioning defendants] to the estoppel language proposed by Plaintiff [i.e., § 315(e)(2)].").

[5] *See Coho Licensing LLC* v. *Glam Media*, Nos. C 14-01576 JSW, C 14–01577 JSW, C 14–01578 JSW, C 14–01579 JSW, C 14–02127 JSW, C 14–02128 JSW, C 14–02130 JSW, C 14–02131 JSW, C 14–02132 JSW, C 14–02718 JSW, 2014 WL 4681699, at *3 (N.D. Cal. Sept. 17, 2014) (conditioning stay on non-petitioning defendants agreeing to the same limited estoppel proposed here); *Evolutionary Intelligence, LLC* v. *Sprint Nextel Corp.*, Nos. C-13-04513, C-13-04201, C-13-04202, C-13-04203, C-13-04204, C-13-04205, C-13-04206, C-13-04207, C-13-03587, 2014 WL 4802426, at *6–7 (N.D. Cal. Sept. 26, 2014) (noting that "[f]airness also dictates that [the non-petitioning defendant] be bound by narrower estoppel" when the non-petitioning defendant had no involvement or ability to influence or control the IPR proceedings); *Intellectual Ventures II LLC* v. *Huntington Bancshares Inc.*, No. 2:13-CV-00785, 2014 WL 2589420, at *4 (S.D. Ohio June 10, 2014) ("[A]lthough Plaintiff suggests it would be unfair for Defendants to obtain the benefit of IPR proceedings without being bound by the arguments raised therein, it would be more unfair to condition a stay on Defendants' being bound by arguments raised in a proceeding over which they have no control."); *E.Digital Corp.* v. *Arcsoft, Inc.*, No. 15-cv-56-BEN (DHB), 2016 WL 452152, at *2 (S.D. Cal. Feb. 3, 2016) ("And, to avoid the concern that Defendant may, if the claims are not canceled, argue again before this Court that the claims are invalid, Defendant has consented to a limited version of the estoppel provision found in 35 U.S.C. § 315(e). Accordingly, Defendant shall be estopped from raising any grounds actually raised and finally adjudicated in the IPR proceedings." (citations and internal quotation marks omitted)).

4

control over the IPR process. (*See infra* note 5 (citing *Evolutionary Intelligence*, 2014 WL 4802426, at *6–7 and *Intellectual Ventures II*, 2014 WL 2589420, at *4); *see* dkt. 155 at 3 (representing to the court that "non-petitioning defendants had no influence or control over the IPR petitions").)

### B. Simplifying The Issues And Streamlining The Case

The benefits of staying a case pending IPR are well known and need not be exhaustively repeated here. Suffice it to say, staying a case pending IPR allows an expert panel to evaluate whether claims are patentable. This allows for the possibility that the case will be resolved in part or in whole and, even if not, provides district courts with persuasive reasoning that they can use to resolve any issues that remain following IPR. *See Ignite USA*, 2014 WL 2505166, at *4 ("Every claim in this litigation may, consequently, be affected by the USPTO's review. If the USPTO cancels all or some of the asserted claims, then the issue of infringement for those claims would no longer exist." (citing *Black & Decker*, 2013 WL 5718460, at *1)). Even with the limited estoppel proposed here, the case will be simplified and streamlined since the PTAB will weigh in on at least some claims (assuming IPR proceedings are instituted) and certain arguments will not be able to be raised again here. The IPR need not fully resolve all claims or have full estoppel apply to all defendants for these cases to be simplified sufficiently to warrant a stay. After all, "[t]he court evaluates whether review would simplify the issues in question, not whether it could eliminate every issue in the case." *Black & Decker*, 2013 WL 5718460, at *2.

While preventing non-petitioning defendants from raising all arguments that the petitioning defendants raised or reasonably could have raised would streamline the cases further, there are equity concerns to estopping the non-petitioning defendants from making invalidity arguments because the petitioning defendants chose not to raise parallel arguments during IPR. *See Evolutionary Intelligence*, 2014 WL 4802426, at *6 ("[Plaintiff] reasonably protests that [the non-petitioning defendant] was given a choice between full statutory estoppel and no stay, and [it] declined the stay. However, the interests in judicial efficiency and fairness simply outweigh the interest in forcing [the non-petitioning defendants] into the choice . . . ."). Rosetta itself argues that the petitioning defendants' IPR petitions are "relatively narrow" (dkt. 154 at 1, 6), and it would be inequitable to hold the non-petitioning defendants to that narrowness.

### C. Burden Of Litigation On The Parties And The Court

This factor too weighs in favor of staying proceedings. While the parties dispute who is at fault for this case being in its early stages (*compare* dkt. 149 at 14–15, dkt. 154 at 4 n.2, *with* dkt. 155 at 10 n.8), it is indisputable that this case is in fact in its early stages (*see* dkt. 136-1). As defendants point out, no depositions have been noticed and no dates for expert discovery, summary judgment, or trial have been set. The parties will be able to conserve significant resources by not simultaneously litigating this case before the PTAB and this court. This is as true for Rosetta as it is for defendants, and, further, staying the petitioning defendants' cases but not the non-petitioning defendants' cases (as Rosetta's brief seems to suggest is a possibility) would erode virtually all of the efficiencies that Rosetta may otherwise enjoy if all the cases are stayed. As Judge Holderman wrote in *Ignite USA*, 2014 WL 2505166, at *4,

> Without a stay, simultaneous proceedings present substantial risks that the parties and court will expend resources unnecessarily. If the USPTO cancels, or simplifies the claims, the parties in all likelihood will have engaged in unnecessary discovery. Two simultaneous proceedings addressing only the validity of the '442 patent could also result in the court expending judicial resources on claim construction, to evaluate and rule on dispositive motions, and to conduct a trial, for infringement claims on invalid or narrowed patents. Such a result would render all of this work unnecessary.

The same is true here, and a stay is warranted.

Date: July 20, 2016

_____
U.S. District Judge Joan H. Lefkow